IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DAVID MCPHAIL                                                                                    PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:23CV186-RP

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION                                                            DEFENDANT

## OPINION AND JUDGMENT

David McPhail seeks judicial review pursuant to 42 U.S.C. § 405(g) of an unfavorable

decision of the Commissioner of Social Security regarding an application for supplemental security

income.   The parties have consented to entry of final judgment by the United States Magistrate

Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the

Fifth Circuit.   The undersigned held a hearing on January 24, 2023.   Having considered the

record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the

applicable law, the undersigned finds the Commissioner's decision is supported by substantial

evidence and should be affirmed.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge

("ALJ"), works through a five-step sequential evaluation process.[1]   The burden rests upon

plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff

is successful in sustaining his burden at each of the first four levels, then the burden shifts to the

---

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

1

Commissioner at step five.[2]   First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3]   Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4]   At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5]   If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6]   At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard.   *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993);

---

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010).   If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."   20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

2

*Villa v. Sullivan,* 895 F.2d 1019, 1021 (5ᵗʰ Cir. 1990).   The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim.   *Ransom v. Heckler*, 715 F.2d 989, 992 (5ᵗʰ Cir. 1983).   The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10]   The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   *Crowley v. Apfel*, 197 F.3d 194, 197 (5ᵗʰ Cir. 1999) (citation omitted).   Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side.   *Selders v. Sullivan*, 914 F.2d 614, 617 (5ᵗʰ Cir. 1990).   The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ.   *Richardson v. Perales*, 402 U.S. 389, 401 (1971).   "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed."   *Paul v. Shalala*, 29 F.3d 208, 210 (5ᵗʰ Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

<u>**Commissioner's Decision**</u>

At step one of the sequential analysis, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date.   At step two, he found that the plaintiff

---

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5ᵗʰ Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5ᵗʰ Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5ᵗʰ Cir. 1988).

3

has the severe impairments of major depressive disorder; generalized anxiety disorder; substance abuse disorder with dependence; substance induced mood disorder; and chronic obstructive pulmonary disease (COPD) (20 CFR 416.920(c)).   At step three, he found that "[i]ncluding the claimant's substance use, the severity of claimant's impairments met the criteria of section 12.04 of 20 CFR Part 404, Subpart P, Appendix 1(20 CFR 416.920(d), 416.925)."   The ALJ further concluded that "[i]f the claimant stopped the substance use, the remaining limitations would cause more than minimal impact on the claimant's ability to perform basic work activities; therefore the claimant would have a severe impairment or combination of impairments", but he "would not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1(20 CFR 416.994(b)(5)(i))."   The ALJ then found that if the plaintiff stopped his substance abuse, he would have the residual functioning capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> [H]e must avoid concentrated exposure to respiratory irritants such as dusts, fumes, gases, and odors. He can understand, remember, and carryout simple instructions and perform simple, routine tasks. He can sustain attention, concentration, and persistence on task for two-hour periods throughout an eight-hour workday with normal breaks. He can occasionally interact with supervisors and co-workers but never with the general public. She can adapt to simple, infrequent, and gradually introduced changes to the workplace or work process.

At step four, the ALJ found that the plaintiff has no past relevant work.[11]   Finally, at step five, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, if he stopped the substance abuse, jobs exist in significant numbers in the national economy that the

---

[11] Although the ALJ's decision states the plaintiff "can perform past relevant work," this is clearly an inadvertent misstatement, as there is no issue in this appeal whether the plaintiff can perform past relevant work, and at the administrative hearing the VE agreed with the ALJ's statement that "I'm prepared to find that there is no past relevant work."

4

plaintiff can perform, such as the jobs of motor vehicle assembler, kitchen helper and hand packager.   As such, the ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff argues primarily that because the medical evidence contains no medical opinions as to the plaintiff's mental limitations, the ALJ erroneously failed to order a mental consultative examination that could be reviewed by the medical expert in connection with his review of the medical evidence and his testimony at the administrative hearing.   "The ALJ's duty to undertake a full inquiry, however, 'does not require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision.'"   *Pierre v. Sullivan*, 884 F.2d 799, 802 (1989) (quoting *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977) (emphasis in original)). Whether to require such an examination is within the ALJ's discretion.   *Pierre,* 884 F.2d at 802. Even where an ALJ has failed to develop an adequate record, reversal is not warranted unless the claimant shows he was prejudiced as a result.   *Kane v. Heckler,* 731 F.2d 1216, 1220 (5th Cir. 1984). "[He] must show that, had the ALJ done his duty, [he] could and would have adduced evidence that might have altered the result."   *Kane,* 731 F.2d at 1220.

In the present case, the ALJ and the ME had before them a very extensive medical record, including extensive evidence of the plaintiff's mental health treatment, including mental status examinations, after he became sober.   The court finds that a mental CE was not necessary to enable the ALJ to make the disability decision, and that the ALJ did not abuse his discretion by not ordering a CE.   Further, the plaintiff has not established what evidence a mental CE would have adduced that might have altered the ALJ's decision.   There is no error here.

Next, the plaintiff argues that the ALJ failed to provide a complete copy of the medical records to the ME for review prior to his testimony. Specifically, the plaintiff argues the ALJ failed to provide the ME with records -- marked in the social security transcript and referenced in the ALJ's decision as Exhibits 20F and 21F -- of the plaintiff's mental health treatment at Communicare from February 17, 2021 through August 16, 2022 and covering the period of the plaintiff's sobriety. However, at the outset of his testimony the ME testified that he reviewed those very records, and during his testimony he discussed various treatment notes in those records in support of his conclusions regarding the plaintiff's mental capabilities. There simply is no support for the plaintiff's argument that the ALJ failed to provide these records to the ME. Although in his argument the plaintiff cites a number of treatment notes from these records that he contends support a finding of greater mental limitations than those found by the ME and ultimately by the ALJ, this merely amounts to a request that the court reweigh the evidence in the plaintiff's favor, which the court may not do. There is no error here.

Finally, the plaintiff argues that the ALJ erroneously relied on VE testimony that is inconsistent with the Dictionary of Occupational Titles without obtaining an explanation for that inconsistency as required by SSR 00-4P. Specifically, the plaintiff argues that according to the DOT's job descriptions, a person with the plaintiff's RFC would be unable to perform the jobs identified as available by the VE and relied upon by the ALJ in finding the plaintiff capable of performing jobs that exist in significant numbers in the national economy. The court agrees with the plaintiff's argument as to one of the identified jobs but not as to the other two.

As the plaintiff points out, according to the DOT's Selected Characteristics of Occupations, the identified job of hand packager, DOT No. 920.587-018, entails frequent exposure to "atmospheric

6

conditions," which is defined in Appendix D of the SOC as "fumes, noxious odors, dusts, mists, gases, and poor ventilation, that affect the respiratory system, eyes, or the skin." Of course, as the plaintiff also points out, the RFC assessed by the ALJ prohibits "concentrated exposure to respiratory irritants such as dusts, fumes, gases, and odors." It appears to the court that such a limitation would preclude work as a hand packager, and that the ALJ erroneously relied on the VE's testimony to the contrary without obtaining an explanation for this discrepancy.

The plaintiff argues that the same environmental limitation would preclude work in the identified job of kitchen helper, DOT No. 318.687-010, which according to the SOC entails frequent exposure to "other environmental conditions," which Appendix D states are not defined but may include, by way of example, such settings as demolishing parts of buildings to reach and combat fires and rescue persons endangered by fire and smoke. However, none of the examples of "other environmental conditions" provided in the SOC even remotely resemble conditions one would expect for the job of kitchen helper. Moreover, the SOC states the job of kitchen helper entails no exposure to "atmospheric conditions," and as such the VE's testimony that a person who must avoid such conditions can perform this job is not inconsistent with the DOT, and the ALJ committed no error in relying on that testimony.

As to the identified job of motor vehicle assembler, DOT No. 806.684-010, although the SOC indicates that this job entails no exposure to any relevant environmental conditions, the plaintiff argues that it is precluded because the DOT job description includes tasks that the plaintiff contends exceed the capabilities of an individual limited to simple, routine tasks. However, the DOT states this job requires level 2 reasoning, and courts have repeatedly held that such a reasoning level is not inconsistent with limitations to simple instructions and routine tasks. *See, e.g., Melton v. Astrue,* No.

2:11CV157-SAA, 2012 WL 1004786, at *4 (N.D. Miss. Mar. 26, 2012); *Zapata v. Colvin,* No. 4:13-CV-340-Y, 2014 WL 4354243, at *10 (N.D. Tex. Sept. 2, 2014) (collecting cases). The ALJ committed no error in relying on the VE's testimony that a person limited to simple work can perform the job of motor vehicle assembler.

If the job of hand packager is disregarded, there remain the identified jobs of kitchen helper and motor vehicle assembler, which according to the VE exist in numbers of 550,000 and 140,000, respectively, in the national economy. Because these jobs exist in significant numbers in the national economy, the ALJ's error with respect to the job of hand packager is harmless. *See Zimmerman v. Astrue,* 288 Fed.Appx. 931, 938 (5th Cir. 2008) (finding no reason to remand where even if identified job outside plaintiff's RFC is disregarded, there remain other identified jobs in significant numbers in national economy).

For these reasons and for those announced on the record at the conclusion of oral argument, the court finds the Commissioner's decision is supported by substantial evidence, and it is AFFIRMED.

**SO ORDERED**, this the 25th day of January, 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

8